The intimidation held out by Graves to Wise, that if he did not let him have the papers, he would go to Lawrason and get new powers revoking his, was merely the language of a negotiator; he was endeavouring to make the best bargain he could. But admitting that Graves had got another power of attorney from Lawrason; — although it might have availed him at law, yet it would not in equity: for knowing the right of Wise, he would have been a mere trustee for his use, and a Court of Equity *would have compelled him to give up the papers. If, indeed, Graves and Lawrason both had known the right of Wise, and had combined to defeat him, it would have been an illustration of the rule: they would have been in pari delicto.
This is not like the case of Austin v. Winston. There both parties intended to perpetrate a fraud. Winston intended to defeat the Commonwealth, and Austin intended to repel its claim in the same way. In the present case, Wise was in possession of the papers; and Graves purchased them without any express or implied knowledge of any other claim to them, and without an intention to defraud any person.
To bring the case within the rule of equity, and the opinion of the Court in Austin v. Winston, there must be equal guilt: for “ whensoever the criminality of one of the par- “ ties is held not to exist, and the transaction as to him, “ ceases to be scandalous, equity does not refuse to hearken “ to his pretensions.” This is the doctrine laid down by one of the Judges in that case,(a) which was not understood to have been denied by any of the others. The law on subjects of this kind will be found in the same opinion. “ It is on all hands admitted as a general, perhaps as a uni- “ versal proposition, that in pari delicto potior est conditio “ defendentis: but in the application of this rule, some “ important distinctions have been solemnly and ably set- “ tled. It is said in them that the prohibitions enacted by " positive law in respect of contracts are of two kinds; “ 1st. To prevent weak or necessitous men from being “ overreached, defrauded, or oppressed; and 2d. Those “ prohibitions which are founded on reasons of policy and “ public expedience.”(b) No part of the conduct of Graves comes within the maxim just cited; and the case is simply this, that Graves has paid a sum of money for property to which Wise could make no title. There is, consequently, nothing to impeach the decree of the Chancellor which directed the money to be refunded.
*584 By the whole Court (consisting of Judges Fleming, Roane, and Tucker) the decree of the Chancellor was affirmed.

 See Judg. Roane’s opinion, p.42, 43.

 See Judg. Roane's opinion, p. 46. and the cases there cited.